Lonnie P. Clark State Representative State Capitol Little Rock, AR 72201
Dear Representative Clark:
We are writing in response to your March 19, 1987 request for our opinion concerning the legality of an ordinance prohibiting the keeping and maintenance of swine and fowl for commercial purposes within certain areas of the Town of Oak Grove. A copy of the ordinance in question was attached to your request. Based on the reasoning that follows, it is our opinion that Act 301 of 1981 prohibits the Town of Oak Grove from enforcing such an ordinance insofar as it relates to those agricultural operations that have been in existence for at least one year prior to the ordinance's passage.
Section 1 of the ordinance in issue provides:
 "The raising, keeping, growing, maintenance, husbandry or quartering of either swine or fowl within the hereinafter described area within the town limits of the Town of Oak Grove, Arkansas, for any commercial purposes as [is] hereby declared unlawful."
Section 4 of the ordinance provides for a daily fine, not to exceed $250.00, for violations of the ordinance.
The powers of incorporated towns are established by the Arkansas General Assembly. Ark. Const. art. 12, 3. No municipal corporation may pass any law contrary to the general laws of the State. Ark. Const. art. 12 4. As a general matter, Arkansas municipal corporations have the power to prevent injury or annoyance within their limits by ordinance. Ark. Stat. Ann. 19-2303 (Repl. 1980). If there existed no general law of the State to the contrary, the Town of Oak Grove would have the authority to enact the ordinance in question. However, Act 301 of 1981 appears specifically to void the ordinance insofar as it relates to commercial swine or fowl operations that have been in existence for at least one year prior to the ordinance's passage.
Section 3 of Act 301 provides:
 "An agricultural facility or its appurtenances or the operation thereof shall not be or become a nuisance, private or public, as a result of any changed conditions in and about the locality thereof after the same has been in operation for a period one (1) year or more, when such facility, its appurtenances or the operation thereof was not a nuisance at the time the operation thereof began."
Ark. Stat. Ann. 34-122 (Supp. 1985). "Agricultural facility" is defined as "any plant, facility, structure or establishment used for the feeding, growing, production, holding, processing, storage or distribution, for commercial purposes, of crops, livestock, poultry, swine or fish or products derived from any of them." Ark. Stat. Ann. 34-121 (Supp. 1985). Section 5 of Act 301 states:
 "Any and all ordinances now or hereafter adopted by any municipality . . . in which such agricultural facility is located, making or having the affect of making the operation of any such agricultural facility or its appurtenances a nuisance or providing for an abatement thereof as a nuisance . . . are void and shall have no force or affect."
Ark. Stat. Ann. 34-124 (Supp. 1985) (emphasis supplied).
You should note, however, that Act 301 of 1981 does not apply to an agricultural facility that "materially changes its character of operation or materially increases the size of its physical plant." Ark. Stat. Ann. 34-126 (Supp. 1985). Accordingly, it is our opinion that, although the Town of Oak Grove has the authority to pass the ordinance in question, the ordinance is void as to those agricultural operations that have been in existence for at least one year prior to the [the] ordinance's adoption.
We hope that the foregoing will prove of material benefit to you. If there exist other material facts outside those contained in your March 19, 1987 letter, we might have to modify our opinion accordingly.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Frank J. Willis. If we can be of further assistance, please advise.